IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **DORIS ANNETTE KING,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 1:22-cv-00081 |
| | § | |
| **FIVE STAR MONTEBELLO, LLC AND** | § | |
| **FIVE STAR SENIOR LIVING, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

**COME NOW** Defendants Five Star Montebello, LLC and Five Star Senior Living, Inc., in the above-entitled and numbered cause, and hereby remove this action to the United States District Court for the District of New Mexico, removed from the Second Judicial District Court, County of Bernalillo, New Mexico (Cause Number D-202-CV-2021-07227) pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, which is made without waiving Defendants' right to arbitration, Defendants state as follows:

### I.     INTRODUCTION AND BACKGROUND

1.01    Plaintiff Doris Annette King filed a Complaint for Personal Injuries in the Second Judicial District Court, County of Bernalillo, New Mexico, Cause No. D-202-CV-2021-07227, on or about December 28, 2021.  The Complaint is attached as Exhibit A, hereto.

1.02    Plaintiff Doris Annette King admits she is a resident of the State of Texas. *Exhibit A, ¶ 7.*

1.03    Plaintiff brought claims against: 1) Defendant Five Star Montebello, LLC, based on the allegation they operated or maintained the premises where she was injured; and 2)

Defendant Five Star Senior Living, Inc., based on the allegation they owned the premises. *Exhibit A, ¶¶ 1-3*. Plaintiff has asserted a claim of negligence against each Defendant for injuries she sustained on an allegedly icy walkway at The Montebello on Academy, where she worked, on January 2, 2019. *Exhibit A*.

1.04    Plaintiff has asserted she "suffered severe injuries and substantial damages" in an unspecified amount, including but not limited to: past and future medical bills and expenses, past and future physical pain and mental suffering, loss of income, loss of future earning capacity, past and future loss of enjoyment of life, interest, and attorneys' fees. *Exhibit A, ¶¶ 6, 67 and Prayer*. Plaintiff has asserted her damages exceed $25,000. *Exhibit A, Court-Annexed Arbitration Certification*.

1.05    Plaintiff admits Defendant Five Star Montebello, LLC, is a foreign limited liability company organized in Delaware, with its principal place of business in Massachusetts. *Exhibit A, ¶ 8*.

1.06    Plaintiff admits Defendant Five Star Senior Living, Inc., is a foreign corporation organized in Maryland, with its principal place of business in Massachusetts. *Exhibit A, ¶ 9*.

1.07    Defendants have not yet filed responsive pleadings or any motion directed to the Complaint in the District Court of Bernalillo County.

1.08    As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because Defendants have satisfied the procedural requirements for removal, and because this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## II. VENUE AND JURISDICTION

2.01   Venue is proper in this Court under 28 U.S.C. §§ 111, 1391, 1441(a), and 1446(a), because the Second Judicial District Court, Bernalillo County, New Mexico, wherein Plaintiff filed her Complaint, is a state court within the federal District of New Mexico. The accident is alleged to have occurred in Albuquerque, Bernalillo County, New Mexico. *Exhibit A, ¶ 1*.

2.02   This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all Defendants; (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

## III. GROUNDS FOR REMOVAL

Removal to the United States District Court for the District of New Mexico is appropriate here due to the diversity of the parties.

**A.   Procedural Requirements for Removal Have Been Satisfied**

3.01   Defendants' removal of this action is timely. Defendant Five Star Montebello, LLC's registered agent was served with the Complaint and summons on January 8, 2022. *Exhibit B*. Defendant Five Star Senior Living, Inc.'s registered agent was served with the Complaint and summons on January 11, 2022. *Exhibit C*. This Notice of Removal has been filed within 30 days of the Complaint being served on all Defendants, as the Complaint is the first pleading naming these Defendants. 28 U.S.C. § 1446(b)(1).

3.02   Venue is proper in this Court because the Second Judicial District Court, County of Bernalillo, New Mexico, is located in the District of New Mexico. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court ... for the district and division embracing the place where such action is pending").

3.03    As required under 28 U.S.C. § 1446(a), Defendants have attached copies of all process, pleadings, and orders served upon Defendants with respect to this action.  *See Exhibits A to D*.

3.04    As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and notice is being filed with the Clerk of the Second Judicial District Court, County of Bernalillo, New Mexico.

**B.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS**

3.05    "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84, 126 S.Ct. 606, 610 (2005).

3.06    Plaintiff is a resident and citizen of Texas. *Complaint, ¶ 7*.

3.07    Defendant Five Star Montebello, LLC, is a foreign limited liability company organized in Delaware, with its principal place of business in Newton, Massachusetts. *Complaint, ¶ 8*. Defendant Five Star Montebello, LLC, has a sole member, FSQ, Inc., which is a foreign corporation organized in Delaware, with its principal place of business in Newton, Massachusetts. *Exhibit E*, *declaration*.

3.08    Defendant Five Star Senior Living, Inc., is a foreign corporation organized in Maryland, with its principal place of business in Newton, Massachusetts. *Complaint, ¶ 9*. Neither Defendant is a citizen or resident of New Mexico or Texas, for the purposes of diversity jurisdiction. *Exhibit E*.

3.09    Neither Plaintiff nor Defendants are residents of New Mexico. *Complaint, ¶¶ 7-9*.

    3.10    Complete diversity of citizenship exists between Plaintiff and all Defendants in this case.

## C.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS

    3.11    This Court has original jurisdiction over suits between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(a)(1). In her Court-Annexed Arbitration Certification, Plaintiff asserted she is seeking relief exceeding $25,000. *Exhibit A*.

    3.12    Where a plaintiff remains silent on the amount of damages in the pleadings, defendants need only to "prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co*., 529 F.3d 947, 953 (10th Cir. 2008). "It is only the jurisdictional facts that must be proven by a preponderance—not the legal conclusion that the statutory threshold amount is in controversy." *Id*. at 955. "But once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id*. at 954. "[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *Id*. at 955.

    3.13    The defendant may rely on an estimate of the potential damages from the allegations in the complaint, or introduce evidence of how much it would cost to satisfy the plaintiff's demands, among other avenues. *Id*. at 955-56. "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*. at 955. "The amount in controversy is not proof of the amount the plaintiff will

recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id.* at 956.

      3.14    Plaintiff could plausibly assert a claim for $325,155.60 in potential damages for past lost wages alone, considering 161 weeks of potential lost wages since her January 2, 2019 date of injury. *Exhibit F*. Plaintiff's pre-injury wage rate was $50.49 per hour. *Exhibit F*. With full-time employment at this wage rate, 161 weeks of potential lost wages equates to $325,155.60, well in excess of $75,000.00, exclusive of interest and costs. *Exhibit F*. Plaintiff has further requested damages for medical expenses anticipated to be in excess of $8,000.00 for injuries which may include a fractured coccyx and lumbar disc protrusion. *Exhibit F*. In addition, Plaintiff has requested damages for future medical bills and expenses, past and future physical pain and mental suffering, loss of future earning capacity, and past and future loss of enjoyment of life. *Complaint, ¶¶ 6, 67 and Prayer*. Therefore the minimum jurisdictional amount in controversy required for federal diversity jurisdiction has been fully satisfied, despite Defendants' contention they have no liability.

## IV.    PRAYER

      Five Star Montebello, LLC and Five Star Senior Living, Inc., respectfully request that the United States District Court for the District of New Mexico accept this Notice of Removal, assume jurisdiction of this cause and apply the Federal Arbitration Act to order this dispute to arbitration, and grant such other and further relief as to which Defendants may be justly entitled.

By: */s/ Frank Alvarez*
**FRANK ALVAREZ, ESQ.**
New Mexico Bar No. 27610
frank.alvarez@qpwblaw.com
**JO BETH DRAKE, ESQ.**
New Mexico Bar No. 148310
jobeth.drake@qpwblaw.com

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Telephone: (214) 754-8755
Facsimile: (214) 754-8744

**ATTORNEYS FOR DEFENDANTS
FIVE STAR MONTEBELLO, LLC AND
FIVE STAR SENIOR LIVING, INC.**

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 4th day of February, 2022, a true and correct copy of the foregoing was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and through the CM/ECF system which caused all parties or counsel of record to be served by electronic means:

Bryan Williams
Williams Injury Law, P.C.
4801 All Saints Rd NW
Albuquerque, NM 87120

*/s/ Frank Alvarez*
**FRANK ALVAREZ**