FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/28/2021 11:05 AM
CLERK OF THE COURT
Luke A Tessman

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

DORIS ANNETTE KING,

    Plaintiff,

v.                                      No. _____D-202-CV-2021-07227_____

FIVE STAR MONTEBELLO, LLC and
FIVE STAR SENIOR LIVING, INC.

    Defendants.

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW Plaintiff, Doris Annette King, by and through counsel, Williams Injury Law, P.C. (Bryan Williams), and for her Complaint respectfully states as follows:

### NATURE OF THE CASE

1. The case arises out of an incident where Plaintiff slipped-and-fell on an unreasonably dangerous icy walkway ("Incident") at The Montebello on Academy located at 10500 Academy Rd. NE, in Albuquerque, NM ("the Montebello Complex").

2. Defendant Five Star Montebello, LLC ("FSM") operated and maintained the Montebello Complex where the Incident occurred. FSM had a duty to ensure that walkways at the Montebello Complex were maintained in a safe condition, reasonably clear of ice.

3. Defendant Five Star Senior Living, Inc. ("FSSL") owned the Montebello Complex where the Incident occurred. FSSL had a duty to ensure that walkways at the Montebello Complex were maintained in a safe condition, reasonably clear of ice.

4. Defendant FSM failed to maintain the subject walkway at the Montebello Complex in a safe condition, reasonably clear of ice.

5. Defendant FSSL failed to maintain the subject walkway at the Montebello Complex in a safe condition, reasonably clear of ice.

6. As a result of the unreasonably safe icy condition on the walkway, Plaintiff slipped-and-fell, suffering severe injuries and substantial damages.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff is an individual residing in the State of Texas.

8. Defendant Five Star Montebello, LLC ("FSM") is a foreign limited liability company organized in Delaware. FSM maintains its principal place of business in Massachusetts. FSM is registered to transact business in New Mexico pursuant to New Mexico's Business Corporation Act ("Business Corporation Act"). FSM registered its agent within New Mexico through filings with the New Mexico Secretary of State. FSM may be served with process by delivery of summons and a true and accurate copy of this Complaint to its registered agent, Corporation Service Company, at 110 E. Broadway St., Hobbs, NM 88240.

9. Defendant Five Star Senior Living, Inc. ("FSSL") is a foreign corporation organized in Maryland. FSSL maintains its principal place of business in Massachusetts. FSSL may be served with process by delivery of summons and a true and accurate copy of this Complaint to its corporate headquarters at 400 Centre St., Newton, MA 02458-2076.

10. At all times material hereto, FSSL <u>owned</u> the Montebello Complex where the Incident occurred.

11. At all times material hereto, FSSL was transacting business in New Mexico and deriving profit from its business in New Mexico through its <u>ownership</u> of the Montebello Complex where the Incident occurred.

12. At all times material hereto, FSM <u>operated</u> the Montebello Complex where the Incident occurred.

13. At all times material hereto, FSM was transacting business in New Mexico and deriving profit from its business in New Mexico through its <u>operatorship</u> of the Montebello Complex where the Incident occurred.

14. At all times material hereto, FSM <u>maintained</u> the Montebello Complex where the Incident occurred.

15. At all times material hereto, FSM was transacting business in New Mexico and deriving profit from its business in New Mexico through its <u>maintenance</u> of the Montebello Complex where the Incident occurred.

16. FSM is subject to personal jurisdiction in New Mexico because, at all times material hereto, FSM operated the Montebello Complex in New Mexico.

17. FSM's contacts within New Mexico are related to the claims in this suit and are sufficient to warrant personal jurisdiction in this suit.

18. FSSL is subject to personal jurisdiction in New Mexico because, at all times material hereto, FSSL owned the Montebello Complex in New Mexico.

19. FSSL's contacts within New Mexico are related to the claims in this suit and are sufficient to warrant personal jurisdiction in this suit.

20. The Incident giving rise to this suit occurred in Bernalillo County, NM.

21. This Court has jurisdiction over the parties to and subject matter of this suit.

22. Venue is proper with this Court as the Incident occurred in Bernalillo County, NM.

## GENERAL ALLEGATIONS

23. Plaintiff hereby incorporates all of the foregoing as though fully set forth in this section.

24. At all times material hereto, Plaintiff was employed by FSQ, Inc. ("FSQ").

25. On January 2, 2019, Plaintiff was working for FSQ at the Montebello Complex.

26. On January 2, 2019 at approximately 5:40 p.m., Plaintiff was leaving work and walking to her car parked in the front parking lot at the Montebello Complex.

27. On January 2, 2019, as Plaintiff was walking to her car parked in the front parking lot of the Montebello Complex, she slipped-and-fell on an icy walkway on the Montebello Complex ("Incident").

28. At all times material hereto, the subject walkway was covered with an unsafe accumulation of ice.

29. At all times material hereto, the subject walkway had an unreasonably dangerous condition of ice.

30. At all times material hereto, the subject walkway was not cleared of the unsafe accumulation of ice within a reasonable timeframe after the ice accumulated.

31. At all times material hereto, the subject walkway was not maintained in a safe condition, reasonably clear of ice.

32. As a result of the unreasonably dangerous icy condition on the walkway, Plaintiff slipped-and-fell, suffering severe injuries and substantial damages.

33. At all times material hereto, Plaintiff exercised an appropriate degree of care for her own safety.

## COUNT I
## NEGLIGENCE
### (Five Star Montebello, LLC)

34. Plaintiff hereby incorporates all of the foregoing as though fully set forth in this section.

35. At all times material hereto, FSM **operated** the Montebello Complex where the Incident occurred.

36. At all times material hereto, FSM **maintained** the Montebello Complex where the Incident occurred.

37. FSM had a duty to exercise ordinary care to keep the walkways at the Montebello Complex safe for the public, including Plaintiff.

38. FSM had a duty to maintain the walkways at the Montebello Complex in a safe condition, reasonably clear of ice.

39. FSM failed to maintain the subject walkway at the Montebello Complex in a safe condition, reasonably clear of ice.

40. FSM breached its duty when it failed to maintain the subject walkway at the Montebello Complex in a safe condition, reasonably clear of ice.

41. FSM failed to adequately remove the ice from the subject walkway.

42. FSM breached its duty when it failed to adequately remove the ice from the subject walkway.

43. FSM failed to take adequate steps to ensure the subject walkway at the Montebello Complex was maintained in a safe condition, reasonably clear of ice.

44. FSM breached its duty when it failed to take adequate steps to ensure the subject walkway at the Montebello Complex was maintained in a safe condition, reasonably clear of ice.

45. FSM had a duty to inspect the walkways at the Montebello Complex so they could be maintained in a safe condition, reasonably clear of ice.

46. FSM failed to inspect the subject walkway at the Montebello Complex on the day of the Incident.

47. Had FSM performed a reasonable inspection of the subject walkway at the Montebello Complex on the day of the Incident, FSM would have known that the subject walkway had an unreasonably dangerous accumulation of ice.

48. FSM breached its duty when it failed to perform a reasonable inspection of the subject walkway at the Montebello Complex on the day of the Incident.

49. FSM's acts and/or omissions created an unreasonably safe condition on the subject walkway which caused Plaintiff to slip-and-fall.

50. As a direct and proximate cause of the acts and/or omissions of FSM, Plaintiff suffered severe injuries and substantial damages.

## COUNT II
## NEGLIGENCE
### (Five Star Senior Living, Inc.)

51. Plaintiff hereby incorporates all of the foregoing as though fully set forth in this section.

52. At all times material hereto, FSSL <u>owned</u> the Montebello Complex where the Incident occurred.

53. FSSL had a duty to exercise ordinary care to keep the walkways at the Montebello Complex safe for the public, including Plaintiff.

54. FSSL had a duty to maintain the walkways at the Montebello Complex in a safe condition, reasonably clear of ice.

55. FSSL failed to maintain the subject walkway at the Montebello Complex in a safe condition, reasonably clear of ice.

56. FSSL breached its duty when it failed to maintain the subject walkway at the Montebello Complex in a safe condition, reasonably clear of ice.

57. FSSL failed to adequately remove the ice from the subject walkway.

58. FSSL breached its duty when it failed to adequately remove the ice from the subject walkway.

59. FSSL failed to take adequate steps to ensure the subject walkway at the Montebello Complex was maintained in a safe condition, reasonably clear of ice.

60. FSSL breached its duty when it failed to take adequate steps to ensure the subject walkway at the Montebello Complex was maintained in a safe condition, reasonably clear of ice.

61. FSSL had a duty to inspect the walkways at the Montebello Complex so they could be maintained in a safe condition, reasonably clear of ice.

62. FSSL failed to inspect the subject walkway at the Montebello Complex on the day of the Incident.

63. Had FSSL performed a reasonable inspection of the subject walkway at the Montebello Complex on the day of the Incident, FSSL would have known that the subject walkway had an unreasonably dangerous accumulation of ice.

64. FSSL breached its duty when it failed to perform a reasonable inspection of the subject walkway at the Montebello Complex on the day of the Incident.

65. FSSL's acts and/or omissions created an unreasonably safe condition on the subject walkway which caused Plaintiff to slip-and-fall.

66. As a direct and proximate cause of the acts and/or omissions of FSSL, Plaintiff suffered severe injuries and substantial damages

## PLAINTIFF'S INJURIES AND DAMAGES

67. As a direct and proximate result of the negligent acts and/or omissions of Defendants FSM and FSSL, Plaintiff suffered severe injuries and substantial damages. The monetary value of Plaintiff's injuries and damages exceeds the minimum jurisdictional limits of this Court. Plaintiff's injuries and damages may include, but may not specifically be limited to, the following:

(a) Medical bills and related expenses, past and future;

(b) Physical pain and mental suffering, past and future;

(c) Loss of income and future earning capacity; and

(d) Loss of enjoyment of life, past and future.

Plaintiff seeks by this action to recover the full monetary value of her injuries and damages, together with all available interest at the maximum legal rate.

## PRAYER

WHEREFORE, Plaintiff respectfully prays this Court for relief as follows:

(a) For judgment against Five Star Montebello, LLC, for compensatory damages and any other damages allowed by law, together with all available interest at the maximum legal rate;

(b) For judgment against Five Star Senior Living, Inc., for compensatory damages and any other damages allowed by law, together with all available interest at the maximum legal rate;

(c)         For Plaintiff's costs incurred in pursuit of this action, including attorney's fees to the extent permitted by law; and

(d)         For any and all relief which the Court finds appropriate.

        Respectfully submitted by,

        */s/ Bryan Williams*
        Bryan Williams
        WILLIAMS INJURY LAW, P.C.
        4801 All Saints Rd NW
        Albuquerque, NM 87120
        505-594-4444
        505-214-5990 fax
        bryan@bryan4results.com
        *Attorney for Plaintiff Doris Annette King*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/28/2021 11:05 AM
CLERK OF THE COURT
Luke A Tessman

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

DORIS ANNETTE KING,

    Plaintiff,

v.                                                      No. _____D-202-CV-2021-07227_____

FIVE STAR MONTEBELLO, LLC and
FIVE STAR SENIOR LIVING, INC.

    Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATION

COMES NOW Plaintiff, Doris Annette King, by and through her counsel, Williams Injury Law, P.C. (Bryan Williams), pursuant to Second Judicial District Local Rules, Rule LR2-603, and certifies as follows:

(_)    No party seeks anything other than a money judgment and the amount sought does not exceed Twenty-Five Thousand Dollars ($25,000.00) exclusive of interests, costs, and attorney fees.

(X)    This party seeks relief other than a money judgment and/or seeks relief in excess of Twenty-Five Thousand Dollars ($25,000.00) exclusive of punitive damages, interests, costs, and attorney fees.

                                                      Respectfully submitted by,

                                                      */s/ Bryan Williams*
                                                      Bryan Williams
                                                      WILLIAMS INJURY LAW, P.C.
                                                      4801 All Saints Rd. NW
                                                      Albuquerque, NM  87120
                                                      505-594-4444
                                                      505-214-5990 fax
                                                      bryan@bryan4results.com
                                                      *Attorney for Plaintiff*